IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| LEONARD WIMBERLY, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-25 |
| v. | |
| MARC HORNE; DALTON SANTIAGO; and JONATHAN DANIELS, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1) Plaintiff's Fourteenth Amendment claims; and

2) Plaintiff's official capacity claims against all Defendants.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1) Plaintiff's excessive force claims against Defendants Horne, Santiago, and Daniels; and

2) Plaintiff's failure to intervene claims against Defendants Santiago and Daniels.

## PLAINTIFF'S CLAIMS[1]

On October 16, 2019, Defendant Santiago escorted Plaintiff, a prisoner at Ware State Prison, to retrieve a commissary order when Defendants Horne and Daniels approached them. Defendant Horne yelled to Plaintiff, "[Y]ou're not getting shit so you might as well turn your ass around!" Doc. 1 at 6. Defendant Horne then grabbed Plaintiff's elbow in an attempt to change Plaintiff's direction forcefully. Id. Plaintiff reacted by pulling away from Defendant Horne, which led to Defendant Horne grabbing Plaintiff by the throat and pushing Plaintiff's back against a fence. Id. Plaintiff claims he was then forced to "push Horne's hand away from [his] throat to keep from being choked out." Id. These events led to Defendants Santiago and Daniels tackling Plaintiff to the ground and placing him in handcuffs. Id.

Plaintiff asserts he was not resisting and was already restrained in handcuffs on the ground when Defendant Horne repeatedly punched Plaintiff in the face and head "for several minutes" while Defendants Santiago and Daniels forcibly held Plaintiff on the ground. Id. With Defendant Daniels' knees placed against Plaintiff's back and neck and Defendant Santiago holding down Plaintiff's legs, Defendant Horne continued to repeatedly beat Plaintiff until other officers and Correctional Emergency Response Team ("CERT") members arrived on the scene. Id. Plaintiff asserts a CERT member yelled out for Defendant Horne to stop beating Plaintiff, but Defendant Horne did not stop until he was physically pulled away by a CERT member. Id. Following this incident, CERT members took Plaintiff to the medical room. Plaintiff states his injuries included skin scrapes to the forehead, skin on his arm and elbow being rubbed raw and

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

bleeding, at least 10 knots on his face and head, and regular migraines since the incident. Id. at 5.

Plaintiff brings claims against Defendants Horne, Santiago, and Daniels in their individual and official capacities. Doc. 1 at 2-3. Plaintiff brings Eighth Amendment claims for excessive force against Defendants Horne, Santiago, and Daniels. Plaintiff brings additional Eighth Amendment claims for failure to intervene against Defendants Santiago and Daniels. Plaintiff also brings a Fourteenth Amendment claim against unknown prison officials for taking Plaintiff's property without due process. As relief, Plaintiff seeks declaratory relief and monetary damages. Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

3

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Plaintiff's Fourteenth Amendment Claims

Plaintiff contends his Fourteenth Amendment rights were violated and requests relief for "all documented personal property of mine [prison officials] intentionally threw away without due process of law." Doc. 1 at 5. Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to allege in their complaints "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Here, Plaintiff does not allege any facts in the complaint relating to the loss of his personal property, nor does he name any Defendants in connection with this purported violation of his rights. Thus, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Fourteenth Amendment claims related to the alleged taking of his personal property.

### II.   Plaintiff's Official Capacity Claims

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities to the extent they are employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1) Plaintiff's Fourteenth Amendment claims; and

2) Plaintiff's official capacity claims against all Defendants.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1) Plaintiff's excessive force claims against Defendants Horne, Santiago, and Daniels; and

2) Plaintiff's failure to intervene claims against Defendants Santiago and Daniels.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of July, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA